**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff,**
v.
**ROBERT CROSSLEY, Defendant**

Crim. No. F475/1995

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 21, 1997

RosalInd A. Kelly, Esq., (Assistant Attorney General), St. Thomas, U.S.V.I., *for Plaintiff*

Pedro K. Williams, Esq., St. Thomas, U.S.V.I., *for Defendant*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

The question presented by Defendant's Motion to Dismiss is whether the Double Jeopardy Clause of the Fifth Amendment bars his prosecution for Aggravated Stalking where he was previously found guilty and punished for Contempt of Court for the same conduct. For the following reasons, the Court holds that the Double Jeopardy Clause bars the prosecution of Defendant for Aggravated Stalking.

## I.

On August 4, 1995, the Family Court entered a restraining order prohibiting Defendant from harassing his estranged wife, Jennifer Crossley. Family No. DV 222/1995. The relevant provision of the August 4, 1995 restraining order provides:

> Defendant is enjoined, restrained and prohibited from harassing, molesting, verbally or physically abusing, assaulting, intimidating Plaintiff or subjecting her to any form of domestic violence.

Subsequently, based upon two notarized letters of Mrs. Crossley, dated October 30, 1995 and November 3, 1995, in which she alleged "constant stalking" by Defendant despite the restraining order, the Family Court issued a warrant for Defendant's arrest and ordered him to appear for a show-cause hearing on November 24, 1995. Defendant was arrested and later released upon the posting of $1,000.00 cash bail. After the hearing on November 24, 1995, the Family Court entered an order dated November 28, 1995 in which Defendant was found guilty of contempt of court for violating the August 4, 1995 restraining order. For the contempt, Defendant was fined $250, his liberal visitation rights with his minor children were revoked, and he was ordered to undergo a psychological evaluation.

On December 5, 1995, a warrant was issued for Defendant's arrest for the substantive criminal charge of Aggravated Stalking based upon the same conduct for which he was previously found

guilty and punished for contempt of court. In the affidavit which supports the Information, Mrs. Crossley is quoted as complaining of the same conduct which she cited in the notarized letters to the Family Court and which was the basis of the contempt order. Among other things, Mrs. Crossley complained in both the notarized letters and the affidavit that on October 18, 1995 and October 19, 1995, Defendant followed her to her work and threatened to kill her, in violation of the Family Court Order of August 4, 1995.

## II.

■ Defendant contends that he cannot be tried for the substantive criminal charge of Aggravated Stalking because that is the same offense for which he was punished in the contempt proceeding. He argues that since he was held in contempt of court and punished based upon Mrs. Crossley's testimony that he was stalking her, the elements of Contempt of Court and for Stalking had to be proven. Defendant contends that the condition of the restraining order which the Family Court found he violated is the prohibition against subjecting Mrs. Crossley to any form of domestic violence, specifically stalking, in violation of 16 V.I.C. § 21. He further argues that the Government would rely on the same set of facts that were presented during the contempt proceedings in Family Court to prove its criminal case against him, and that this violates the Double Jeopardy Clause.

In opposition, the Government argues that the elements of Contempt of Court for Stalking and Aggravated Stalking are not the same and that, as such, the two offenses are different. The Government thus contends that the Double Jeopardy clause is not implicated and therefore the Defendant's motion to dismiss should be denied.

## III.

The Double Jeopardy Clause provides that no person shall "be twice put in jeopardy of life or limb" for the same offense. U.S. Const. amend. V, § 2, applicable to the U.S. Virgin Islands through Section 3 of the Revised Organic Act of 1954. It protects against (1) a second prosecution for the same offense after acquittal; (2) a

second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

It is undisputed that the contempt proceeding in Family Court at which Defendant was found guilty of contempt for stalking was punitive in nature. "[C]riminal contempt, at least the sort enforced through nonsummary proceedings, is 'a crime in the ordinary sense.'" *United States v. Dixon*, 113 S. Ct. 2849, 2856 (1993). The Virgin Islands Code also makes clear that the criminal contempt charge against Defendant was a crime. 14 V.I.C. § 581, *et seq.*

██ ██ The test for determining whether two offenses are the same within the meaning of the Double Jeopardy Clause was established in *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

Therefore, if "criminal contempt for stalking" requires proof of a fact that "aggravated stalking" does not, and "aggravated stalking" requires proof of a fact that "criminal contempt for stalking" does not, then they are not the same offense under the *Blockburger* test. *Brown v. Ohio*, 431 U.S. 161, 166 (1977). The result would be the same even though there is a substantial overlap in the proof offered to establish both offenses. *Id.*

Title 14 V.I.C. § 2072(a) defines stalking as follows:

> A person is guilty of the crime of stalking who purposely and repeatedly follows another person and engages in a course of conduct or makes a credible threat with the intent of annoying or placing that person in reasonable fear of death or bodily harm or injury.

Title 14 V.I.C. § 2072(c) defines aggravated stalking as follows:

> A person is guilty of the crime of aggravated stalking who commits the crime of stalking in violation of an existing court order prohibiting the behavior.

103

Thus, stalking becomes aggravated stalking when it is done knowingly in violation of an existing court order prohibiting such behavior.

At the contempt proceeding, the factual elements that had to be proven were: (1) that Defendant had knowledge of the August 4, 1995 restraining order; (2) that the order prohibited Defendant from stalking Mrs. Crossley; and (3) that Defendant violated the order by stalking the victim. The offense of "aggravated stalking" requires proof of the following factual elements: (1) that a court order prohibited Defendant from stalking Mrs. Crossley; (2) that Defendant had knowledge of the order; and (3) that Defendant violated that order by stalking Mrs. Crossley.

Based on the circumstances of this case, "criminal contempt for stalking" and "aggravated stalking" constitute the same offense for Double Jeopardy purposes.

A review of the transcript of the contempt proceeding reveals that the Family Court found Defendant in criminal contempt for stalking in that he knowingly violated the restraining order prohibiting his stalking of Mrs. Crossley. Thus, the factual elements that were proven at the contempt proceeding are the same as those that the Government would have to prove in order to convict Defendant of aggravated stalking.

■ Both stalking contempt and aggravated stalking require proof of stalking, knowledge of the court order prohibited stalking, and that Defendant violated that order. Neither requires proof of an element that the other does not; therefore, they are the same offense under the *Blockburger* test. Although the "same conduct test" of *Grady v. Corbin*, 495 U.S. 508 (1990), upon which Defendant partly relied was overruled in *U.S. v. Dixon*, 113 S. Ct. 2849 (1993), the "same offense test" of *Blockburger* prohibits the prosecution of Defendant for aggravated stalking after his prosecution and conviction for stalking contempt. Otherwise, it would constitute a violation of the Double Jeopardy Clause and would fail to protect Defendant from a second prosecution for the same offense, and from multiple punishment for the same offense.

## IV.

Based on the foregoing, the Court concludes that the Double Jeopardy Clause of the Fifth Amendment bars prosecution of Defendant on the substantive criminal charge of aggravated stalking subsequent to his prosecution for criminal contempt of court for stalking.

Accordingly, Defendant's motion to Dismiss on grounds of Double Jeopardy will be granted.

DATED this 21st day of January, 1997.

### ORDER

This matter having come before the Court on Defendant's Motion to Dismiss on grounds of Double Jeopardy, and on Plaintiff's opposition thereto, and the court having set forth its reasons in its Memorandum Opinion of even date, it is hereby,

ORDERED, that Defendant's Motion to Dismiss is GRANTED, and this matter is DISMISSED.

DATED this 21st day of January, 1997.